UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

A.G.,

                   Plaintiff,

       v.

C.H.,

                   Defendant.
_____

**DECISION AND ORDER**

6:25-CV-06354 EAW

## INTRODUCTION

Plaintiff A.G. ("Plaintiff") commenced this action on July 3, 2025, alleging violations of 15 U.S.C. § 6851(b)(1)(A), New York Civil Rights Law § 52-b, student conduct, and sexual assault against Defendant C.H. ("Defendant"). Both parties have filed unopposed motions to proceed under a pseudonym. (Dkt. 8 (Defendant's motion); Dkt. 12 (Plaintiff's motion)). For the following reasons, the motions are granted.

## BACKGROUND

Plaintiff and Defendant were undergraduate students at State University of New York Brockport ("SUNY Brockport") in 2022. (Dkt. 1 at ¶ 11). Plaintiff alleges that Defendant sexually assaulted Plaintiff multiple times on the SUNY Brockport campus and recorded the sexual assault without her consent. (*Id.* at ¶¶ 12, 15). Defendant contests the allegations and contends that after Plaintiff made the allegations of sexual assault, information relating to those allegations were shared in an online forum used by SUNY Brockport students. (Dkt. 8-2 at ¶ 7). Defendant contends that the frequency and volume of online rumors resulted in his decision to leave SUNY Brockport. (*Id.*). The parties

- 1 -

agree that it would be in both parties' interests for the Court to permit them to proceed anonymously.

## DISCUSSION

### I. Legal Standard

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Permitting a party to be relieved from this requirement is an exception, and the party seeking that relief must adequately refute the presumption in favor of disclosure. *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (holding that Rule 10 "serves the vital purpose of facilitating public scrutiny of judicial proceedings" and "cannot be set aside lightly"); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) ("The question for the district court is whether the plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" (quoting *Sealed Plaintiff*, 537 F.3d at 189)).

The Second Circuit has established a "non-exhaustive standard" that "balances 'the interests of both the public and the opposing party,'" to assess whether a party should be permitted to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the

possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *1-2 (E.D.N.Y. Oct. 14, 2020) (quoting *Sealed Plaintiff,* 537 F.3d at 189-90). "This inquiry 'does not require a district court to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Zheng*, No. 25-CV-03215 (NRM)(JRC), 2025 WL 2855375, at *2 (E.D.N.Y. Oct. 8, 2025) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021) (internal quotations omitted)).

## II.     Analysis of Factors

The Court finds that the first factor, whether the litigation involves matters that are highly sensitive and of a personal nature, favors granting the parties' motions. While "[a]llegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym," *Doe v. Townes*, No. 19-CV-8034-ALC-OTW, 2020 WL 2395159, at *3 (S.D.N.Y. May 12, 2020), the allegations contain personal, highly sensitive, and graphic details relating to allegedly non-consensual sexual acts between college students. Defendant contends that the highly sensitive and inflammatory nature of the

allegations resulted in online gossip and rumors leading to his separation from the school. *See Doe v. Combs*, 24-cv-7772 (JPO), 2025 WL 1879516, at *2 ("[a]llegations of sexual assault are paradigmatic examples of highly sensitive and personal claims" (quoting *Rapp*, 537 F. Supp. 3d at 528)); *Doe v. Colgate Univ.*, No. 5:15-CV-1069-LEK-DEP, 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) ("Recently, cases stemming from investigations of sexual abuse on college and university campuses have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers."). Both parties do not wish for their names to be associated with any public disclosure of the highly sensitive allegations given their nature and the stigma that would attach. *See Doe v. Smith*, No. 119CV1121GLSDJS, 2019 WL 6337305, at *3 n.1 (N.D.N.Y. Nov. 27, 2019) (permitting both parties to proceed under a pseudonym in a case involving an alleged sexual assault of college student). At this stage of the proceedings, the Court concludes this factor supports both parties' requested relief.

"The second and third factors evaluate the risks that identification would present and the likelihood of those physical and mental harms. If disclosure creates risk of harm from third parties, disclosure is disfavored. The risks must be more than speculative claims of physical or mental harms. A risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) from defendant(s)." *Townes*, 2020 WL 2395159, at *4 (internal citations omitted). Relevant to the third factor is "whether the plaintiff commenced suit in order to prevent the type of injury that disclosure of her identity would cause." *Doe v. Solera Cap. LLC*, No. 18 CIV. 1769 (ER), 2019 WL 1437520, at *5 (S.D.N.Y. Mar. 31, 2019), *reconsideration denied*, No. 18 CIV 1769 (ER), 2019 WL

5485210 (S.D.N.Y. Oct. 25, 2019).  The parties have credibly asserted a basis to conclude that there is a risk of embarrassment and financial and reputational harm if their identities were disclosed.  *See Colgate Univ.*, 2016 WL 1448829, at *3 ("Should Plaintiff prevail in proving that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.").  The Court concludes that these factors favor granting the parties' motions.

The fourth factor, age and vulnerability of the parties, weighs against proceeding anonymously because both parties are adults.  *A.B. v. Hofstra Univ.,* No. 2:17-CV-5562-DRH-AYS, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) ("The fourth factor also weighs against Plaintiff, as he is not a member of a population that is particularly vulnerable to the possible harms of disclosure, such as young children.").  This factor accordingly favors disclosure.

The fifth factor, whether the suit is challenging the government or private parties, also weighs against the parties and for disclosure.  *Doe v. Combs*, No. 25 CIV. 1652 (LAP), 2025 WL 1993598, at *4 (S.D.N.Y. July 17, 2025) ("This action is brought against private parties, and [c]ourts are loathe to grant a motion to proceed anonymously against private parties." (quotation and citation omitted)); *A.B.*, 2018 WL 1935986, at *3 ("The fifth factor seems to weigh against Plaintiff as this is a suit between private parties.").

The sixth factor, whether either party is prejudiced by allowing Plaintiff to press claims anonymously or allowing Defendant to defend himself anonymously and whether

the nature of that prejudice differs at any particular stage of the litigation, is neutral at this time.

The seventh factor, whether the parties' identities have been kept confidential until now, weighs more in favor of Plaintiff than it does Defendant. Defendant's identity was publicly disclosed with the filing of this lawsuit. And his identity has continued to be used notwithstanding the pending motions. (*See*, *e.g.*, Dkt. 8-2 (Defendant's full name appears in the heading of his declaration filed in support of the instant motion)). In addition, Defendant acknowledges that the allegations against him were discussed in online forums by SUNY Brockport students. That said, the litigation is still in the early stages as Defendant has not yet answered the complaint and any prior disclosures through this litigation can be addressed by restricting access to the earlier filings. This factor accordingly weighs more in favor of Plaintiff but generally remains neutral as to both parties.

The eighth factor, whether the public's interest in the litigation is furthered by requiring the parties to disclose their identity, weighs against them. As noted, there is a general presumption that the names of parties engaged in litigation are considered public information. Accordingly, the eighth factor weighs against both Plaintiff and Defendant.

The ninth factor also weighs against the parties because the issues here are not purely legal in nature. This factor supports public disclosure.

Finally, whether there are alternative mechanisms for protecting the parties' confidentiality, the Court finds that this factor weighs in both parties' favor at this stage of the proceedings as it presently appears to be the least restrictive appropriate remedy

available to allow the litigation to proceed but to protect the parties' identities and reputation.

Taking all of this into consideration, the Court concludes that permitting both parties to proceed anonymously at this time is appropriate. *See Doe v. Rensselaer Polytechnic Inst.*, No. 1:20-cv-1185, 2020 WL 5775193, at *1 (N.D.N.Y. Sept. 28, 2020) (finding that balance of interests favor anonymity of college student who claimed he was falsely accused of sexual assault). But should matters arise during these proceedings that would warrant the Court's revisiting that decision, the matter may be revisited and the parties are free to raise the matter again for the Court's consideration. *Doe v. Epic Games, Inc*., 435 F. Supp. 3d 1024, 1053 (N.D. Cal. 2020) ("The Court granted plaintiff's motion to proceed under a pseudonym when this case was in its infancy, before defendant's counsel had appeared let alone responded to the complaint. Now that defendant's counsel has appeared and the parties have engaged in motion practice that provides additional insight into the case, the circumstances have changed materially. This is sufficient to warrant consideration of the motion to compel compliance with Rule 10(a) on the merits.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to proceed under a pseudonym (Dkt. 8) and Plaintiff's motion to proceed under a pseudonym (Dkt. 12) are granted. The Clerk of Court is directed to restrict access to case participants only of all prior filings by the parties. (Dkt. 1; Dkt. 2; Dkt. 3; Dkt. 4; Dkt. 5; Dkt. 8; Dkt. 10; Dkt. 11; Dkt. 12; Dkt. 14; Dkt. 15; Dkt. 16; Dkt. 17). On or before November 7, 2025, Defendant must identify any docket entry containing his full name that should be replaced with his initials. Defendant

may submit said identification by emailing the undersigned's Chambers with a copy to Plaintiff's counsel. By that same date (November 7, 2025), Plaintiff must re-file her complaint with both parties' initials. The parties are cautioned against disclosing either party's identity in any future filings with the Court.

    SO ORDERED.

_____<br>
ELIZABETH A. WOLFORD<br>
Chief Judge<br>
United States District Court

Dated:    October 28, 2025<br>
            Rochester, New York